United States District Court
Southern District of Texas
**ENTERED**
June 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

Taine Rockwell, §
§
    Plaintiff, §
§
versus §  Civil Action H-19-2308
§
Sprouts Farmers Market §
Texas, LP, et al., §
§
    Defendants. §

# Opinion on Summary Judgment

1. *Background.*

On April 24, 2018, Taine Rockwell was shopping at a Sprouts Farmers Market in Houston when she slipped on a puddle of "water or similar liquid," injuring herself.

Rockwell sued Sprouts Farmers Market Texas, LP, and Sprouts Farmers Market Holdings for premises liability. Sprouts has moved for summary judgment, arguing that Rockwell has no evidence that Sprouts had actual or constructive knowledge of the wet floor.

2. *Premises Liability.*

To survive a motion for summary judgment on a premises liability claim, Rockwell must show some evidence that Sprouts had actual or constructive knowledge of the danger.

Rockwell says we can infer from the surveillance video of Nicolas Bello that Sprouts knew about the puddle. The video shows Bello, an

employee, parking a cart about two feet from where Rockwell slipped. Twenty minutes later, Bello had moved the cart to a different part of the produce section and Rockwell slipped near its previous location. After the accident, Bello noticed water around the cart, erected a "Wet Floor" sign, and dried the water with a towel.

Neither the surveillance video nor the records show that Sprouts had actual or constructive knowledge of the wet floor. Bello testified that water could leak out of the boxes, but he does not say that he knew it had been happening before Rockwell fell. Rockwell also slipped in a puddle that had been about two feet from where Bello originally parked the cart. Rockwell does not offer evidence beyond speculation that she slipped on water that dripped from the cart.

Bello moved the cart to another part of the produce section, noticed water around it, and dried the floor; this does not mean he had been aware that water had dripped where Rockwell slipped or that the water from his cart was responsible for her fall.

Rockwell also says that the records show Sprouts had actual or constructive knowledge of the danger because their employee manual says that the produce section is hazardous and needs regular sweeping. No employee swept the produce section until three hours after the accident.

Rockwell argues that Sprouts could have discovered the puddle, but no employee swept the floor as required; however, she did not offer evidence showing how long the water was on the floor. Sprouts's failure to sweep the floor does not show that it had reasonable opportunity to discover the puddle.

3. *Conclusion.*

Rockwell will take nothing from Sprouts Farmers Market Texas, LP, and Sprouts Farmers Market Holdings.

Signed on June 11, 2021, at Houston, Texas.

---
Lynn N. Hughes
United States District Judge